## Mattioli v. Luciw et al.

*Bucci & Bucci*, for plaintiff.

*Theodore J. Swystun*, for defendants.

ALESSANDRONI, P. J., October 17, 1955.—Plaintiff, a contractor, filed a mechanic's lien claim for the balance of the contract price for additions and alterations to a building located at 354 North Front Street, Philadelphia.

Defendants filed a petition for a rule to strike off the mechanic's lien. The petition alleged that claimant had already filed another claim in Common Pleas Court No. 3, as of March term, 1955, no. 7800, M. L. D., and on motion that claim was stricken off for defects on its face.

In support of its rule to strike defendants assert that the present claim was not filed in season; that improper notice was given defendants; and this claim is invalid because the former claim was stricken off. The last reason is of no consequence and merits no consideration.

Mechanics' liens for new erection and construction must be filed within six months of last work; alterations and repairs within three months: Act of June 4, 1901, P. L. 431, sec. 10, 49 PS §52. The contract attached to the claim provides for "additions and alterations" to the premises in question; it cannot be ascertained from the contract which category was paramount in characterizing the work to be performed. The law is clear that if the work performed could be classed as a substantial addition or improvement, claimant's claim would be governed by the provisions of the act for new erection and construction: Act of 1901, sec. 3, 49 PS §26. On the face of this record therefore we cannot conclude as a matter of law that this work is not encompassed within the scope of the language

treating a substantial addition as new construction. See Cock v. McNish et al., 22 West. 279.

Under that section "substantial addition to a structure or other improvement" receives the same treatment as new construction and hence a claimant has a six months' filing period instead of three months. Therefore, as the record indicates, both "additions and alterations", a determination of that question must await the merits of the controversy.

Defendants also urge a defect in the notice of the filing of the claim as a reason for striking the claim. The notice attached is signed by counsel for claimant as attorney for one "Calvin Rhoads" instead of as attorney for John Mattioli. Calvin Rhoads is a complete stranger to the record. This highly technical objection is without merit, as will be established hereinafter.

The notice is not required to be filed of record; the statute requires only that the affidavit of service be filed of record. The notice must contain the court, term of the claim and date of filing: Act of 1901, supra, sec. 21, 49 PS §131. The notice attached to the record contains the required information, but the actual notice is de hors the record. Since a rule to strike considers only the record, an affirmative determination cannot be based on a matter outside of the record.

The value of the notice in this case can be determined by its purpose, which is to notify defendants of the fact of the actual filing of a claim; that purpose has been served. Defendants clearly were not surprised by the notice; they are in court attacking the claim. Can the notice have any additional significance?

However, apart from that, since the notice is not part of the record, a defective notice adds no significance to the fact that it was attached to the record; the notice itself is superfluous.

The matter in any event will stand or fall on the timeliness of the filing, and that will have to await a determination on the merits.

### Order

And now, to wit, October 17, 1955, defendants' rule to strike off the mechanic's lien claim is discharged.